O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EUGENE D. BROWN, JR., | ) | CASE NO. SA CV 08-00358 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This matter comes before the Court on the application of Eugene D. Brown, Jr. to review the Commissioner's decision denying him disability benefits.

The Administrative Law Judge found that Plaintiff had the following severe impairments: borderline intellectual functioning; schizophrenia; a depressive disorder; and alcohol dependence in remission. [AR 12] (Since the alcohol dependence is in remission, it is hard to see it as an impairment.) Plaintiff argues in this Court that, in assessing the impact of these impairments, the Administrative Law Judge ignored the lay evidence from Plaintiff's mother and the findings of a state psychiatrist and, therefore, also asked an incomplete hypothetical question of the vocational expert. Plaintiff also argues that the Administrative Law Judge should have found that he meets one of the listings in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix I, and that the

Administrative Law Judge did not properly rate Plaintiff's mental impairments using the Psychiatric Review Technique mandated by the regulations.

The Court disagrees as to these last two points. The regulations are a bit ambiguous as to the function performed by use of the Psychiatric Review Techniques, but they do state directly that, if the impairment is severe, the adjudicator will proceed to determine if the impairment meets a listing or, if not, what the claimant's residual functional capacity is. 20 C.F.R. § 416.920a(d)(2) and (3). Thus, having found that Plaintiff does have severe impairments, the fact that the Administrative Law Judge did not use the Psychiatric Review Technique had little impact on the decision. Likewise, the Administrative Law Judge did not err in declining to find that Plaintiff met or equaled a listing. Plaintiff points to no particular listing that he met, or how he met it, and it is, of course, Plaintiff's burden to show that he satisfied this step of the five-step analytic process. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries burden at Steps 1-4 of the sequential evaluation.)

In the Court's view, however, Plaintiff's other points have merit, and require that the matter be remanded for further proceedings. Plaintiff's mother submitted evidence of Plaintiff's inability to properly care for himself, difficulty in following instructions and accompanying frustration, and fear that someone would harm him. [AR 144-51] This was evidence that should not have been ignored. Lay testimony can often provide insight into a person's capabilities, and can be ignored only if it can be said with assurance that the outcome would not have differed had it been considered. *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006).

The contrary appears here. Plaintiff himself testified to his difficulty in staying on task, his unwitting unawareness of his inattention to his grooming and cleanliness, and his frustration at not being able to carry out instructions over a period of time. [AR 43-49] Information from Plaintiff's mother which tended to support such testimony thus would have made Plaintiff more believable in his description of the incapacitating nature of his impairments.

This becomes all the more so given the fact that the Administrative Law Judge also did not consider the findings of the state psychiatrist. The state psychiatrist rated Plaintiff as moderately limited in the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to maintain attention and concentration for extended periods, the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, and the ability to complete a normal workday and work week without an unreasonable number of interruptions. [AR 172-73] Such expert testimony again reinforces what Plaintiff himself said. It is no answer to say, as the Commissioner does in this Court, that such information is relevant only to the determination of Plaintiff's residual functional capacity. Evidence once adduced cannot be pigeonholed so neatly; such evidence from an expert, combined with testimony of a lay witness, combined with Plaintiff's own testimony, may establish greater proof than if it simply stood alone. At least it should be considered. If considering it generates the need to modify hypothetical questions posed to the vocational expert, that should be done as well, as a vocational expert's testimony stands as substantial evidence only if it properly included all the limitations established by the record. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

In accordance with the foregoing, the decision of the Commissioner is reversed. The matter is remanded for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED: November 24, 2008

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE